**No. 58363.**—Isaac B. Cohen & Sons Corp. et al. *v.* United States, protests 193186–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of compass rings similar in all material respects to those the subject of Abstract 58039, the claim of the plaintiffs was sustained.

**No. 58364.**—Langfelder, Homma & Carroll, Inc. *v.* United States, protests 192586–K and 192988–K (Baltimore).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of toy pianos similar in all material respects to those the subject of *Langfelder, Homma & Carroll, Inc.* v. *United States* (32 Cust. Ct. 281, C. D. 1614), the claim of the plaintiff was sustained.

**No. 58365.**—National Lead Co. *v.* United States, protest 148834–K (Buffalo).

Opinion by WILSON, J. It was stipulated that the merchandise consists of zinc the same in all material respects as that passed upon in *M. W. Zack Metal Company* v. *United States* (26 Cust. Ct. 91, C. D. 1306), which the court held to be classifiable under paragraph 397 as articles in chief value of zinc, not specially provided for. However, inasmuch as the plaintiff in the cited case did not claim classification under paragraph 397, the protest therein was overruled without affirming the collector's classification. On the record presented herein, the claim of the plaintiff was sustained.

**No. 58366.**—Morris P. Kirk & Son, Inc. *v.* United States, protests 161576–K, 164604–K (B), and 164605–K (Los Angeles).

Opinion by WILSON, J. It was stipulated that the merchandise consists of zinc the same in all material respects as that passed upon in *M. W. Zack Metal Company* v. *United States* (26 Cust. Ct. 91, C. D. 1306), which the court held to be classifiable under paragraph 397 as articles in chief value of zinc, not specially

provided for.   However, inasmuch as the plaintiff in the cited case did not claim classification under paragraph 397, the protest therein was overruled without affirming the collector's classification.   On the record presented herein, the claim of the plaintiff was sustained.

**No. 58367.**—Overseas Commerce Corp. *v.* United States, protest 223992–K (New York).

Opinion by WILSON, J.   In accordance with stipulation of counsel that the merchandise consists of reptile skins the same in all material respects as those passed upon in *Fleming-Joffe, Ltd.* v. *United States* (25 Cust. Ct. 56, C. D. 1263), the claim of the plaintiff was sustained.

**No. 58368.**—Freedman & Slater, Inc. *v.* United States, protest 223624–K (New York).

Opinion by WILSON, J.   In accordance with stipulation of counsel that the merchandise consists of hair of the vicuna in the grease, not scoured, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, SEPTEMBER 9, 1954

**No. 58369.**—Indian Sales Corporation and Industrial Operations, Inc. *v.* United States, protests 219972–K and 217668–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of speedometers or parts thereof, in chief value of metal, designed and intended for use only on motorcycles, similar in all material respects to the merchandise the subject of *Industrial Operations, Inc.* v. *United States* (30 Cust. Ct. 82, C. D. 1500), the claim of the plaintiffs was sustained.

**No. 58370.**—George Popper *v.* United States, protest 216674–K (New York).

Opinion by LAWRENCE, J.   From an examination of the papers in the case, the court found nothing therein tending in any way to overcome the presumption of correctness attaching to the decision of the collector.   The protest was therefore overruled.